JONES, Ohief Judge,
dissenting in part :
I do not think, in the circumstances found here, we should allow anything for so-called in-grade or statutory increases.
The Lloyd-La Follette Act specifically states that where there has been “unjustified or unwarranted” demotion and there is restoration, back pay shall be allowed at the rate that the affected party was drawing “at the time of the unwarranted discharge.” While it may be true that technically that particular act does not apply to the instant case, nevertheless that is the pattern set by the Congress — which alone has legislative authority — to be applied even when the demotion or discharge is “unjustified or unwarranted.” We should not go beyond the limits set by the Congress in similar situations.
Plaintiff had the privilege of filing in the district court a petition asking for an order directing his reinstatement. If he had succeeded in such a suit he would have come squarely within the terms of the Lloyd-La Follette Act and in that event would have been limited in a suit for interim pay to the rate he was being paid at the time of his discharge without any in-grade or statutory increases. It seems *23 strange to allow an employee who does not pursue that available remedy a greater recovery than one who does.
The act of August 26,1950 (64 Stat. 476), is more restrictive than either the Veterans’ Preference Act or the Lloyd-La Follette Act, placing a ceiling on payment and making compensation discretionary both as to the rate and as to the time.[1]
Even the selective service law (sec. 8, ch. 720, 54 Stat. 885, 890) provides that when one leaves a position in the employment of the Federal Government to enter the military service he shall on return be restored to the same or similar position and not removed therefrom, “without cause within one year after such restoration.”
But in a real sense these are not restrictions, but limitations on affirmative grants embodied in the various acts.
In passing on the merits of any claimant who is not entitled to any of the rights or privileges of any of these special acts, each case should be determined on its own merits, and such a one should not be granted privileges greater than those who have rendered special services, military or otherwise.
In any event the right to recover at all is close, almost borderline. I feel that there is no reasonable basis for going beyond the rate plaintiff was drawing at the time of his discharge.
I think the amount of recovery in any case should depend on the facts of that case. I would limit recovery, in the circumstances, especially since his position in the Internal Revenue Service called for libérrima fides, and conduct free from any question of financial integrity.
The majority opinion goes beyond any of these acts.

 Section 1 of the Act of August 26, 1950, reads as follows:
“ * * * any person whose employment is so suspended or terminated under the authority of said sections * * * may, in the discretion of the agency head concerned, be reinstated or restored to duty, and if so reinstated or restored shall be allowed compensation for all or any part of the period of such suspension or termination in an amount not to exceed the difference between the amount such person would normally have earned during the period of such suspension or termination, at the rate he was receiving on the day of suspension or termination, as appropriate, and the interim net earnings of such person: * * [Italics supplied.]